**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Nicole M. Johnson (SBN 258453)
Helen Mosothoane (SBN 254511)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:    (949) 271-4040
Email:          bpaino@mcglinchey.com
                    njohnson@mcglinchey.com
                    hmosothoane@mcglinchey.com

Attorneys for *Defendant* **CARRINGTON MORTGAGE SERVICES, LLC**

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES ARRIAGA, an individual, and as trustee,<br><br>    Plaintiff,<br><br>  v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, a business entity; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>*[Federal Question Jurisdiction]* |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *Defendant* Carrington Mortgage Services, LLC ("Carrington") hereby removes to this Court the state court action described below.

**I.      BACKGROUND**

1.    On January 11, 2023, *Plaintiff* Ulysses Arriaga ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Contra Costa (the "Superior Court") by filing a Complaint (the "Complaint") against Carrington, which initiated *Ulysses Arriaga v. Carrington Mortgage Services, LLC*, Case Number C23-00069 (the "Action"). True and correct copies of the Summons and Complaint are collectively attached hereto as **Exhibit 1**.

2. Carrington was served with the Summons and Complaint on January 30, 2023. Pursuant to 28 U.S.C. § 1446(b) and (c), this notice is timely as it has been filed within 30 days after Carrington's receipt of the Summons and Complaint, and within 1 year of the commencement of the Action.

3. The Superior Court set a Case Management Conference for June 1, 2023. No other hearings have been scheduled in the Action as of the date of this notice. A true and correct copy of the Superior Court docket is attached hereto as **Exhibit 2**. Upon information and belief, the documents attached hereto as **Exhibits 1-2** constitute all pleadings, process, orders, and dockets in and for the Action.

4. Pursuant to 28 U.S.C. § 1446(d), Carrington will promptly give written notice of the removal of the Action to all adverse parties and will file a copy of this notice with the Clerk of the Superior Court.

## II.   VENUE

5. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of California is the proper venue for the removed Action because it is the judicial district in which the Action is pending. *See* 28 U.S.C. § 84(a) (recognizing that the Northern District comprises Contra Costa County, among others).

## III.   FEDERAL QUESTION JURISDICTION

6. The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint requires a determination as to whether Carrington violated "laws…of the United States." *See* 28 U.S.C. § 1331. Specifically, the Complaint alleges claims for violations of 12 C.F.R. §§ 1024.32 and 1024.39.  The Complaint further alleges that sections 1024.32 and 1024.39 are enforceable through 12 U.S.C. § 2605(f). (*See* Complaint, ¶¶ 21, 26). Federal question jurisdiction exists where a plaintiff asserts causes of action under the foregoing regulations and statutes. *See Cantu v. Colonial Sav.*, 2020 WL 3525476, at *2 (S.D. Tex. 2020) (finding federal question jurisdiction to exist over claim brought pursuant to title 12 of the Code of Federal Regulations); *Gold as Tr. of Michelle Gold Separate Prop. Tr. v. Nat'l Default Servicing Corp.*, 2022 WL 5231102, at * 2 (S.D. Cal. 2022) (finding federal question jurisdiction to exist where a plaintiff

sought relief under 12 U.S.C. § 2605(f)). It follows that Carrington may remove the Action to this Court pursuant to 28 U.S.C. § 1331.

7. To the extent Plaintiff's Complaint states causes of action that are not based on federal law, this Court has supplemental jurisdiction. This is because any such claims: (i) arise from the same set of operative facts that underlie Plaintiff's federal claims; and (ii) relate to the same subject matter; namely, the mortgage loan and real property at issue in this action. Accordingly, Plaintiff's state-law claims are related to Plaintiff's federal question allegations, thereby forming a part of the "same case and controversy" pursuant to 28 U.S.C. § 1367(a).

### III. RESERVATION OF RIGHTS

8. Carrington reserves its right to supplement this notice when, and if, additional information becomes available. In addition, Carrington reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

**WHEREFORE**, Carrington prays that the Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED: February 14, 2023

**McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
    NICOLE M. JOHNSON
    BRIAN A. PAINO
    HELEN MOSOTHOANE
Attorneys for *Defendant* **CARRINGTON MORTGAGE SERVICES, LLC**